**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**
No. 12-156V
Filed: July 15, 2014
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
DAVID SCUDERI,                             \*
                                           \*
        Petitioner,      \*
v.                                         \*     **Stipulation; Attorneys' Fees & Costs**
                                           \*
SECRETARY OF HEALTH                        \*
AND HUMAN SERVICES,                        \*
                                           \*
        Respondent.      \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Patricia Finn, Esq.,* Patricia Finn Attorney, P.C., Piermont, NY for petitioner.
*Melonie McCall, Esq*., U.S. Dept. of Justice, Washington, DC for respondent.

## ATTORNEYS' FEES & COSTS DECISION[1]

**Gowen,** Special Master:

      In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision awarding compensation and adopting the parties' stipulation filed on April 21, 2014. On June 3, 2014, petitioner filed a motion for attorney's fees and costs, and on June 19, 2014, respondent filed an unopposed motion for extension of time to file her response to petitioner's motion. On July 14, 2014, the parties' filed a stipulation of fact concerning attorneys' fees and costs. The stipulation indicated that respondent does not object to the amended amount of $32,788.00 that petitioner is requesting, which includes petitioner's costs. Petitioner also filed on July 14, 2014, a statement pursuant to General Order #9 indicating that he incurred $764.25 for medical records and $2,000 for an expert retainer fee.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, I hereby award the total $32,788.00[3] as follows:**

- **a lump sum of $30,023.75 in the form of a check payable jointly to petitioner, David Scuderi, and petitioner's counsel of record, Patricia Finn, Esq., for petitioner's attorney fees and costs, and**

- **a lump sum of $2,764.25 in the form of a check payable to petitioner, David Scuderi, for his personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                        **s/ Thomas L. Gowen**
                                        **Thomas L. Gowen**
                                        Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).